### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JACK AND CHRISTINA HENSERLING** | § | |
| | § | |
| **v.** | § | **Civil Action No.** _5:17-cv-203_____ |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **AMERICA** | § | |

---

## INDEX OF MATTERS BEING FILED

---

General Insurance Company of America's Notice of Removal.

Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:    A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JACK AND CHRISTINA HENSERLING** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **AMERICA** | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant General Insurance Company of America (hereinafter referred to as "GICA"), *improperly sued as* Safeco Insurance Company of America, files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

### *Procedural Background:*

1.     On February 3, 2017, Jack and Christina Henserling (hereinafter referred to as ("Plaintiffs") filed their Original Petition in the matter entitled Cause No. Cause No. C2017-0202D; *Jack and Christina Henserling vs. Safeco Insurance Company of America*; In the 433rd Judicial District Court of Comal County, Texas.  GICA timely filed its answer on March 2, 2017.  Plaintiffs subsequently amended their Petition naming GICA.

### *Nature of the Suit:*

2.     This lawsuit involves a dispute over the handling of Plaintiffs' insurance claims made pursuant to Plaintiffs' personal automobile insurance policy with GICA.  Plaintiffs allege they were injured in an automobile accident on March 23, 2015, and the adverse driver was uninsured as defined by the terms of the policy.  Plaintiffs further allege that GICA has wrongfully refused to pay their insurance benefits which they are entitled to recover under the

policy.  Plaintiffs claim GICA breached the underlying contract of insurance for uninsured motorists benefits.  Plaintiffs also claim that GICA violated certain provision of the Texas Insurance Code and committed bad faith in the handling of the Plaintiffs' claims.

### Basis for Removal:

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  As of the date when Plaintiffs filed their Original Petition, and as of the date of filing this Notice, GICA is and was a company organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.  Accordingly, GICA was at all times relevant to the factual allegations contained in Plaintiffs' Original Petition an out-of-state citizen for diversity jurisdiction purposes.[1]

5.      Upon information and belief, Plaintiffs were citizens of Texas when they filed their Petition, and continue to be citizens of Texas.

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs state in their Original Petition that they seek monetary relief "more than $75,000.00 but not greater than $100,000.00."[2]

---

[1] Although Safeco Insurance Company of America ("Safeco") is not properly a party in this matter, it is nevertheless diverse.  As of the date Plaintiffs filed their Original Petition, and as of the date of the filing of this Notice, Safeco is and was a company organized under the laws of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.  Accordingly, Safeco was at all times relevant to the factual allegations contained in Plaintiffs' Original Petition an out-of-state citizen for diversity purposes.
[2] See Plaintiffs' Original Petition attached as Exhibit A-1, ¶ XII.

7.     In determining the amount in controversy, the court may consider "policy limits…penalties, statutory damages, and punitive damages."[3]  The policy limits for uninsured motorists benefits are $100,000.00 per person.  Plaintiffs claim to have suffered injuries and damages as a result of the accident caused by the uninsured driver.[4]  Plaintiffs seek to recover reasonable and necessary medical expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, and physical impairment in the past and future.   Plaintiffs also seek exemplary damages, insurance code penalties and attorney's fees.[5]  Given the policy limits involved on the claims, the nature of the personal injuries, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### The Removal is Procedurally Correct:

8.     Plaintiffs served GICA with the Original Petition on February 13, 2017.  GICA filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

---

[3]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray*, 1999 WL 151667 at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[4] *See* Plaintiffs' Original Petition attached as Exhibit A ¶ VII.
[5] *See Id.* at¶¶ VIII-XI.

11.     Pursuant to 28 U.S.C. §1446(d), promptly after GICA files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs.

12.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Comal County, Texas, promptly after GICA files this Notice.

WHEREFORE, Defendant General Insurance Company of America (hereinafter referred to as "GICA"), *improperly sued as Safeco Insurance Company of America*, requests that this action be removed from the 433rd District Court, Comal County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cholloway@lstlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **15**th day of **March 2017**, addressed to those who do not receive notice from the Clerk of the Court.

Philip G. Bernal
Ketterman Rowland & Weslund
16500 San Pedro, Suite 302
San Antonio, Texas 78232


David R. Stephens
Carrie D. Holloway

# Exhibit  A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : Comal    Help

# REGISTER OF ACTIONS
## CASE NO. C2017-0202D

| | |
|---|---|
| **JACK HENSERLING,CHRISTINA HENSERLING vs. SAFECO INSURANCE COMPANY OF AMERICA** §§§§§ | Case Type: **Injury or Damage - Motor Vehicle**<br>Date Filed: **02/03/2017**<br>Location: **433rd District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **SAFECO INSURANCE COMPANY OF AMERICA**<br> 211 EAST 7TH STREET, SUITE 620<br> AUSTIN, TX 78701 | **CARRIE HOLLOWAY**<br>*Retained* |
| Plaintiff | **HENSERLING, CHRISTINA**<br> 16500 SAN PEDRO<br> SUITE 302<br> SAN ANTONIO, TX 78232 | **PHILIP G. BERNAL**<br>*Retained*<br>210-490-7402(W) |
| Plaintiff | **HENSERLING, JACK**<br> 16500 SAN PEDRO<br> SUITE 302<br> SAN ANTONIO, TX 78232 | **PHILIP G. BERNAL**<br>*Retained*<br>210-490-7402(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 02/03/2017 | **ORIGINAL PETITION (OCA)** |
| 02/03/2017 | **CIVIL CASE INFORMATION SHEET** |
| 02/03/2017 | **INTERROGATORIES** |
| 02/03/2017 | **REQUEST FOR PRODUCTION** |
| 02/07/2017 | **CITATION** |
| 02/07/2017 | **Citation** |

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA | Served<br>Response Due<br>Returned | 02/17/2017<br>03/13/2017<br>02/24/2017 |

| | |
|---|---|
| 02/24/2017 | **CITATION RETURNED SERVED** |
| 03/02/2017 | **ORIGINAL ANSWER** |
| 03/10/2017 | **AMENDED ANSWER** |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| | **Plaintiff** HENSERLING, JACK | |
| | Total Financial Assessment | 372.00 |
| | Total Payments and Credits | 372.00 |
| | **Balance Due as of 03/15/2017** | **0.00** |
| 02/06/2017 | Transaction Assessment | 372.00 |
| 02/06/2017 | EFile Electronic Payment - Texfile     Receipt # 2017-151339          HENSERLING, JACK | (372.00) |



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 16235613**
**Date Processed: 02/13/2017**

| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
|---|---|

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Company of America |
| **Title of Action:** | Jack Henserling vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Comal County District Court, Texas |
| **Case/Reference No:** | C2017-0202D |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/13/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Philip G. Bernal<br>210-490-7402 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

FEB 1 3 2017

C 11:30 AM





**CIVIL CITATION**
**THE STATE OF TEXAS**
**C2017-0202D**
**433rd District Court**

SAFECO INSURANCE COMPANY OF AMERICA
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next after the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. Said Plaintiff's ORIGINAL Petition was filed in said Court on the 3rd day of February, 2017 in this cause, numbered C2017-0202D on the docket of said court, and styled,

JACK HENSERLING; CHRISTINA HENSERLING
VS.
SAFECO INSURANCE COMPANY OF AMERICA

ATTORNEY FOR PETITIONER:       PHILIP G. BERNAL
                               16500 SAN PEDRO, SUITE 302
                               SAN ANTONIO, TX 78232

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL Petition, accompanying this citation, and made a part hereof.

The officer executing this writ shall forthwith serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and the seal of said court at New Braunfels, Texas, this 7th day of February, 2017.

HEATHER N. KELLAR
District Clerk, Comal County, Texas
150 N. Seguin, #304
New Braunfels, TX 78130

By _____ Deputy
              Shari Peterson

**RETURN OF SERVICE**
**CAUSE NO: C2017-0202D**

JACK HENSERLING, CHRISTINA HENSERLING
VS.
SAFECO INSURANCE COMPANY OF AMERICA

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the ____ day
of _____, 20____.

DELIVERED: 2 13 17
ON: 2 13 17
BY: _____ SCH 735
@: _____ am pm

_____, Officer

_____, County, Texas

By: _____, Deputy

**OFFICER'S RETURN**

Came to hand on the $13^{79}$ day of _Feb._, 20_17_, at _11:30_ o'clock _A_ M., and executed in _____ County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|------|------|------------------------------------------|
|      |      |      |                                          |
|      |      |      |                                          |

And not executed as to the defendant, _____
the diligence used in finding said defendant, being: _____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant(s) being:

_____

FEES-Serving Petition and Copy $65.00      _____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
" My name is _____, my date of birth is _____, and my address is
         (First, Middle, Last)

_____
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____    _____
Declarant/Authorized Process Server          (ID # & expiration of certification)
SUBSCRIBED AND SWORN TO BEFORE ME by the said_____this the _____day of _____
20_____to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas
Notary's Name Printed:

_____
My commission expires_____

FILED
Susan Collier
C2017-0202D
2/3/2017 4:43:23 PM
Heather N. Kellar
Comal County
District Clerk

C2017-0202D

CAUSE NO. _____

| | | |
|---|---|---|
| JACK AND CHRISTINA HENSERLING | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF AMERICA | § | COMAL COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, JACK AND CHRISTINA HENSERLING, in the above-entitled and numbered cause, complaining of Defendant, SAFECO INSURANCE COMPANY OF AMERICA, and for cause of action would show the Court and Jury the following:

I.

Discovery will be conducted under Level 3, Rules 190.1 and 190.4, Texas Rules of Civil Procedure.

II.

Plaintiffs, JACK AND CHRISTINA HENSERLING, are individuals residing in Schertz, Texas, Comal County, Texas.

Defendant, SAFECO INSURANCE COMPANY OF AMERICA, is an insurance company licensed to conduct business in the State of Texas and including Comal County. Service of process regarding this lawsuit may be made on Defendant by serving its agent for service, Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

Venue is proper in Comal County, Texas as the contract for insurance in this case was consummated in this county.

III.

This suit arises out of a collision occurring on or about March 23, 2015, in Comal County, Texas. Plaintiffs were operating their motor vehicle in a reasonable and prudent manner when they were struck by the at fault vehicle. The at-fault driver failed to yield the right of way and of oncoming traffic and merge with oncoming traffic causing Plaintiffs' injuries and damages as set out below.

IV.

The at-fault driver is liable for proximately causing the injuries and damages of Plaintiffs in that he:

1. failed to keep such an outlook as a person of ordinary care would have kept;

2. failed to turn Defendant's motor vehicle to the right to avoid the collision as a person using ordinary care would have done;

3. failed to turn Defendant's motor vehicle to the left to avoid the collision as a person using ordinary care would have done;

4. failed to sound the horn on Defendant's motor vehicle or give any other warning as a person using ordinary care would have done;

5. failed to make timely or proper application of the brakes on Defendant's motor vehicle as a person using ordinary care would have made;

6. drove at a rate of speed greater than a person using ordinary care would have driven; and

7. failed to maintain an assured clear distance between Defendant's motor vehicle and Plaintiffs' motor vehicle so that, considering the speed of the motor vehicles, traffic, and the conditions of the highway, Defendant's motor vehicle could be safely brought to a stop without colliding with or veering into Plaintiffs' motor vehicle, in violation of §545.062, Texas Transportation Code.

V.

Each of the foregoing acts or omissions, singularly or in combination, was the proximate cause of the injuries and damages of Plaintiffs described below.

VI.

Plaintiffs, as a proximate and producing result of the collision and the above acts or omissions of the at-fault driver, have sustained injuries to their bodies in general.

VII.

Plaintiffs, as a direct and proximate result of the collision and the above acts or omissions of the at-fault driver, incurred the following damages:

1.     reasonable and necessary medical expenses in the past;

2.     reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

3.     physical pain suffered in the past;

4.     physical pain which, in all reasonable probability, will be incurred in the future;
5.     mental anguish in the past;

6.     mental anguish which, in all reasonable probability, will be incurred in the future;

7.     physical impairment in the past; and

8.     physical impairment which, in all reasonable probability, will be incurred in the future.

VIII.

Moreover, the at-fault driver was, at all times material to this action, an "underinsured motorist", as that term is defined under the Texas Insurance Code and in the policy of insurance, the subject of this lawsuit, issued by Defendant to Plaintiffs.

## IX.

The aforesaid policy, which was in full force and effect at all times material herein, provided protection to Plaintiffs for injuries, damages, and expenses resulting from the ownership, maintenance, or use of an underinsured motor vehicle. Additionally, Plaintiffs have complied with all conditions precedent to recovering under Plaintiffs' underinsured motorist coverage and including timely and properly notifying Defendant of the collision and Plaintiffs' claim.

## X.

Plaintiffs are entitled to payment from Defendant for injuries, damages, and expenses arising out of the aforementioned collision under the terms and conditions of the underinsured portion of said automobile insurance policy issued by Defendant. Nonetheless, Defendant has failed, refused, still fails, and refuses to pay Plaintiff the benefits under this policy as it is contractually required to do. Therefore, Defendant has breached the contract of insurance it had with Plaintiffs. Additionally, action is brought for those underlying damages contractually owed under the policy as well as for the statutory violations of Chapters 541 and 542, Texas Insurance Code, and for violations of the common law duty of good faith and fair dealing.

## XI.

Plaintiffs have been forced to engage the services of the undersigned attorneys for the prosecution and collection of Plaintiffs' claim. Therefore, pursuant to Chapter 542, Texas Insurance Code, Defendant is liable for the amount of Plaintiffs' claims, injuries, damages, 18 percent per annum of the amount of such claims as damages, and reasonable attorney fees as may be determined by the Jury which are amounts within the jurisdictional limits of this Court.

## XII.

Plaintiffs, because of all of the above, have suffered and will suffer injuries and damages in

an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court. Although it is Plaintiffs' desire and belief that the amount of damages in this case is best left to the discretion of the jury after all of the evidence is presented at trial, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. Further, Plaintiffs will not be in a position to determine how much damages they should seek from Defendant until pre-trial discovery is conducted, all evidence is introduced and hears what verdict the jury renders; however, as required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiff seeks monetary relief, the maximum of which is more than $75,000.00 but not greater than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff reserves the right granted to them under the Texas Rules of Civil Procedure to increase or decrease the maximum amount of damages sought to conform to information obtained through discovery in this case, the evidence presented at trial, or the verdict of the jury.

Plaintiffs are entitled to pre-judgment interest and post-judgment interest at the maximum rate allowed by law.

### XIII.

Under the Texas Rule of Civil Procedure 194, Defendant, SAFECO INSURANCE COMPANY OF AMERICA, is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein; that, on final hearing of this cause, Plaintiffs have judgment against

Defendant for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; that Plaintiffs recover the amount of Plaintiff's claim, 18 percent per annum of the amount of such claim as damages, and reasonable attorney fees, under Chapters 541 and 542, Texas Insurance Code, as may be determined by the Jury which are amounts within the jurisdictional limits of this Court; that Plaintiffs recover reasonable and necessary attorneys fees, from Defendant for the necessary services of Plaintiff's attorneys in the preparation and trial of this case and including any appeals to the Court of Appeals or the Supreme Court of Texas; pre-judgment interest and post-judgment interest as provided by law; court costs; and any other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:     /S/Philip G. Bernal
          PHILIP G. BERNAL
          State Bar No. 02208758
          Email: Phil@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

CAUSE NO. C2017-0202D

| | | |
|---|---|---|
| JACK AND CHRISTINA HENSERLING | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 433rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | COMAL COUNTY, TEXAS |
| AMERICA | | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

TO:    SAFECO INSURANCE COMPANY OF AMERICA
       By and through its registered agent for service:
       Corporation Service Company
       211 East 7th Street Suite 620
       Austin, Texas 78701-3218.

You are directed to answer the following interrogatories separately, fully, in writing, and under oath, and continue to supplement your answers to these Interrogatories as provided by Rules 193 and 197, Texas Rules of Civil Procedure.  The answers are to be signed and sworn to by the person making them and delivered to the undersigned attorney not less than fifty (50) days after service hereof.

                Respectfully submitted,

                KETTERMAN ROWLAND & WESTLUND
                16500 San Pedro, Suite 302
                San Antonio, Texas  78232
                Telephone:   (210) 490-7402
                Telefacsimile: (210) 490-8372

              BY:    /S/Philip G. Bernal
                     PHILIP G. BERNAL
                     State Bar No. 02208758
                     Email: Phil@krwlawyers.com

                ATTORNEY FOR PLAINTIFF

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

1. State the name, title, telephone number, and address of the person answering these Interrogatories and indicate whether said person is the designated corporate representative for Defendant.

__ANSWER:__

2. Please state the following regarding Defendant:

    a.    if Defendant was correctly named in this lawsuit;

__ANSWER:__

    b.    if not correctly named, give the correct name;

__ANSWER:__

    c.    whether Defendant was sued in its correct capacity;

__ANSWER:__

    d.    if not sued in correct capacity, give correct capacity; and,

__ANSWER:__

    e.    the countries and states of the United States of America in which Defendant is licensed, licensed for reinsurance, approved for reinsurance, a surplus lines writer, admitted, non-admitted, authorized under the Risk Retention Act, or otherwise authorized to do business.

__ANSWER:__

3. State the names, titles, job descriptions, telephone numbers, and current addresses of all of Defendant's employees, agents, representatives, claims adjusting service personnel, claims management personnel, claims investigators, brokers, medical records reviewers, and any other person who were involved in the handling, processing, and evaluation of Plaintiff's claims the subject of this lawsuit.

**ANSWER:**

4.   State the following concerning any information, including but not limited to investigations, medical records, or reports concerning Plaintiff that were made the basis of the evaluation of Plaintiff's claim under the P.I.P./uninsured/underinsured motorist policy the subject of this lawsuit:

   a.   When such information, records, or reports were requested by Defendant and the names, addresses, and telephone numbers of the persons requesting same;

**ANSWER:**

   b.   The names, addresses, and telephone numbers of the individuals, including but not limited to investigators, medical record review services, and health care providers, from whom these records were requested;

**ANSWER:**

   c.   The names, addresses, and telephone numbers of each person who reviewed this information, records, or reports and include dates;

**ANSWER:**

   d.   The names, addresses, and telephone numbers of all persons who participated in the evaluation of Plaintiff's claim; and,

**ANSWER:**

   e.   If such records are still within the custody and control of Defendant.

**ANSWER:**

5.   Identify all admissions against interest made by Plaintiff, Plaintiff's agents, representatives, or anyone acting on Plaintiff's behalf or at Plaintiff's request pertaining to the incident and transactions that are the subject of this lawsuit.

**ANSWER:**

3

6.      Does Defendant maintain review committees or any other type of structure or procedure whereby motor vehicle insurance claims are examined and analyzed for evaluation, controversion, or denial?

**ANSWER:**

7.      If the answer to Interrogatory No. 6 is "Yes", please identify, by name, title, address, and telephone number, all members of any such review committee or structure for the years 2009-2013, inclusive, for any claims arising out of Jones County and any other counties in south Texas.

**ANSWER:**

8.      Were there reserves, including but not limited to bodily injury, property damage, P.I.P., and medical benefits, that were placed by Defendant or its employees, agents, and representatives on Plaintiff's claim that is the subject of this lawsuit?

**ANSWER:**

9.      If the answer to Interrogatory No. 8 is "Yes", please state the amounts of each, the dates that each reserve was either established, increased, or decreased, and the names, titles, addresses, and telephone numbers of each person who established, increased, or decreased the reserves on Plaintiff's claim.

**ANSWER:**

10.     State, pursuant to Rule 609(f), Texas Rules of Evidence, any evidence of conviction (by stating the offense, disposition, year of the offense, cause number, court, and county in which the offense occurred) regarding Plaintiff which you intend to use at the trial of this matter or of which you are aware.

**ANSWER:**

11.     Identify all insurance, reinsurance, underwriting company groups or fleets of which Defendant is either a parent, subsidiary, or division for the years 2010-2015.

4

**ANSWER:**

12.    Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, and location of the incident (by indicating street intersections, block number of a particular street, or any other identifying geographical information).

**ANSWER:**

13.    Please state the name, address, and telephone number of each person from whom the Defendant, Defendant's agents, claims adjusting personnel, investigators, attorneys, employees, agents, servants, representatives, or other persons have obtained a written or recorded statement of any kind regarding the incident the subject of this lawsuit.

**ANSWER:**

14.    Please state the name, address, and telephone number of each person having custody of any written reports concerning any tests, inspections, measurements, or investigations made or taken with respect to the collision scene made the basis of this suit or the vehicles involved therein.

**ANSWER:**

15.    Do you have information indicating or any reason to believe that there was any mechanical failure on the part of any of the motor vehicles being operated, at the time of the collision the subject of this lawsuit, which, in whole or in part, was the cause of the incident?  If so, state the basis for such belief.

**ANSWER:**

16.    If you are contending that any acts or omissions of Plaintiff or any other person contributed, in any manner, to the collision, please state specifically each act or omission upon which you are relying, how it allegedly contributed to the collision, and identify the person doing such acts or omissions.

**ANSWER:**

17.    If you are alleging that there was any non-human condition or event which contributed to the collision, please state specifically how the condition or event allegedly contributed to the

collision.

**ANSWER:**

18.    Please state every fact known to you in the event you are alleging that Jack and Christina Henserling were not an underinsured driver at the time of the collision the subject of this lawsuit.

**ANSWER:**

19.    Please identify and state the location of every insurance policy known to you which is believed to show that Jack and Christina Henserling were insured drivers at the time of the collision the subject of this lawsuit.

**ANSWER:**

20.    Do you contend that any of Plaintiff's designated testifying expert witnesses is unqualified or incompetent to render opinion testimony in this case based on the Daubert decision or its progeny? If so, then please state in full and complete detail the basis for such contentions. If you are making no such contentions, then please so state.

**ANSWER:**

6

THE STATE OF TEXAS                                      §

COUNTY OF _____                                §


    BEFORE ME, the undersigned authority, on this day personally appeared _____, personally known to me to be the person whose name is subscribed to the foregoing instrument, who, after being by me duly sworn did upon _____ oath depose and say:

    "My name is _____. I have read the foregoing answers to Interrogatories propounded by Plaintiff and state that the same are true and correct."


_____

AFFIANT


    SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this the _____ day of _____, 2014, to certify which witness my hand and seal of office.


_____

Notary Public in and for
the State of Texas

My Commission Expires: _____

7

CAUSE NO. C2017-0202D

| JACK AND CHRISTINA HENSERLING | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 433rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | COMAL COUNTY, TEXAS |
| AMERICA | § | |

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

TO:   SAFECO INSURANCE COMPANY OF AMERICA
By and through its registered agent for service:
Corporation Service Company
211 East 7th Street Suite 620
Austin, Texas 78701-3218.

Plaintiff requests that Defendant produce for discovery, under the provisions of Rules 193 and 196, Texas Rules of Civil Procedure, the items specified below, at the time and place, and for the purposes set out in those paragraphs.

### DEFINITIONS AND INSTRUCTIONS

#### I.

The use in this request, unless otherwise indicated, of the term "Defendant", the name of a party, or a business organization shall specifically include all employees, agents, representatives, and attorneys of Defendant, party, or business organization.

#### II.

The term "documents and tangible things" means any electronically stored data, including computer memories, back-up tapes, computer discs, compact discs, CD-ROMs, print-outs, printed, typewritten, hand written, mechanically or otherwise recorded matter of claims files, claims processing, claims handling, or claims managing logs, letters, memos, notes, diaries, reports, calendars, interrogatories, answers to interrogatories, requests for production, responses to requests

for production, depositions, pleadings, judgments, photographs, slides, tape recordings, motion pictures, video tapes, audio tapes, and any copies of any such material if you do not have custody or control of the original.

### III.

Please state, if any documents or tangible things requested were but are no longer in the Defendant's possession or control or are no longer in existence, whether they are:

  a. Missing or lost;

  b. Destroyed;

  c. Transferred to others and, if so, to whom; or,

  d. Otherwise disposed of.

### IV.

Explain, in each instance, the circumstances of the authorization for such disposition, the approximate time and date of said disposition, and the contents of such documents or tangible things.

### V.

The following documents and tangible things are to be produced, not less than fifty (50) days from the date of service on Defendant of this request, at the law offices of the undersigned attorneys:

1. All documents and tangible things pertaining to investigations, expert reports, expert consultations, correspondence, records, medical bill reviews and audits, asset checks, background investigations, and reports that were made the basis of any evaluation of the claims of Plaintiff under the automobile insurance policy the subject of this lawsuit.

2. All documents and tangible things relating to the incident and claims that are the subject of this lawsuit as to any admissions against interest made by Plaintiff and his agents, representatives, or anyone acting on his behalf or at his request.

3. All documents and tangible things pertaining to the claim file, claim diaries, claim handling logs, review of said claim, investigation of said claim, evaluations, notes, memos, reports, correspondence, reserves, and any other information and documents contained within any claim file pertaining to the claims of Plaintiff the subject of this lawsuit.

4. All documents and tangible things pertaining to guidelines, work books, policy manuals, treatises, textbooks, or other material used or provided to any person or entity which investigated, evaluated, processed, managed, reviewed, or otherwise handled Plaintiff's P.I.P. claim and underinsured motorist claim the subject of this lawsuit.

5. All documents and print-outs as to any reserves, including body injury, property damage, P.I.P., and medical benefits, that were placed by Defendant or its employees, agents, and representatives on the claims of Plaintiff the subject of this lawsuit.

6. All documents and tangible things pertaining to the personnel file of each person who participated in the processing, handling, or evaluation of Plaintiff's P.I.P. claim and underinsured motorist claim the subject of this lawsuit.

7. All documents and tangible things pertaining to each adjuster license, broker license, or any other type of insurance license issued by any state, held by each person, for the years 2009-2013, inclusive, who participated in the processing, handling, or evaluation of Plaintiff's claims the subject of this lawsuit.

8. All documents and tangible things pertaining to each complaint filed directly with Defendant or with any Texas agency, department, or other insurance regulatory or supervision entity, the Texas Department of Insurance, Texas State Board of Insurance, or their successors for the years 2009-2013 and including but not limited to the names, addresses, and telephone numbers of the complainants, the total number of complaints, the nature of the complaints, the disposition of the complaints, the time it took to process the complaints, the classification of the complaints by insurance lines, special claim reports, and claims denial journals.

9. All documents and tangible things pertaining to files maintained by Defendant which relate to motor vehicle insurance claims which have been denied on the same or similar basis as the denial of Plaintiff's claim the subject of this lawsuit for the years 2009-2013.

10. All documents and tangible things as to the net worth of Defendant and including but not limited to S.E.C. reports and filings, annual reports, financial statements, balance sheets, cash and short term investments, total admitted assets, premium income (including direct premiums, net premiums written, net underwriting income, net investment income, pre-tax operating income, net income, value of real property, personal property, fixtures, and any other tangible thing of value, stocks, bonds, securities, negotiable instruments, accounts receivable, and all other assets for the years 2009-2013.

11.   All documents and tangible things that support your contention that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert decision or its progeny. If you are making no such contentions, then please so state.

12.   All documents pertaining to any review committees, policy manuals, guidebooks, training manuals, seminar material, workbooks, memorandums, handbooks, and any other policies or procedures, pertaining to the processing of motor vehicle claims, evaluation of claims, and controversion of claims or denial of coverage procedures for the years 2009-2013, inclusive, in the State of Texas.

13.   All documents and tangible things pertaining to review committees, policy manuals, guidebooks, training manuals, seminar material, workbooks, memorandums, handbooks, and any other policies or procedures pertaining to the evaluation, investigation, and processing of claimant allegations of violation of Chapters 541 and 542, Texas Insurance Code, bad faith, breach of contract, wrongful denial of coverage, or other wrongful denial of benefits under any motor vehicle insurance policy issued by Defendant and in effect for the years 2009-2013 in the State of Texas.

14.   All documents, claims histories, and print-outs pertaining to any claims filed by or on behalf of Plaintiff and including but not limited to Southwest Index Bureau ("S.W.I.B." cards), Equifax, TransUnion, Experian, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant is a member or contributor.

15.   If Defendant claims any documents or tangible things are privileged as having been made "in anticipation of litigation or in connection with the prosecution or defense of the pending lawsuit" per Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) and as modified by National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993), please produce any and all documents and tangible items which Defendant relies upon in establishing the date said privilege attached.

16.   All photographs, slides, motion pictures, video tapes, and audio tapes in your possession or subject to your right of control that are relevant and material to this cause of action including but not limited to any showing Plaintiff, those showing the motor vehicles, those showing the location of the collision, and any surveillance of Plaintiff.

17.   All estimates and invoices which were prepared as a result of the damage to the motor vehicles involved in the collision the subject of this lawsuit.

18.   All documents and tangible things and including but not limited to claim handling diaries, claim handling logs, adjuster notes, and any correspondence to or from Plaintiff or his representatives which document that Defendant complied with the deadlines under Chapter 42, Texas Insurance Code, as to the claims of Plaintiff the subject of this lawsuit.

4

19.     A sample of each form and correspondence used by Defendant to process automobile insurance policy claims made by its policyholders in effect for the years 2009-2013.

20.     All documents and tangible things, for the last ten (10) years, on any claims or lawsuits wherein a policyholder or beneficiary of a policy issued by Defendant alleged a wrongful withholding of benefits, breach of contract (including but not limited to uninsured/underinsured policies), bad faith, or other tortious conduct on the part of Defendant in this State and including but not limited to pleadings, discovery, and judgments.

21.     Produce any and all records obtained via Affidavits and/or Deposition on Written Questions from any entity in relation to the case made the basis of this lawsuit.


Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-7402
Telefacsimile:  (210) 490-8372

BY:     /S/Philip G. Bernal
        PHILIP G. BERNAL
        State Bar No. 02208758
        Email: Phil@krwlawyers.com

        ATTORNEYS FOR PLAINTIFFS

5

FILED
Susan Collier
C2017-0202D
3/2/2017 5:05:43 PM
Heather N. Kellar
Comal County
District Clerk

## CAUSE NO. C2017-0202D

| | | |
|---|---|---|
| **JACK AND CHRISTINA HENSERLING,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **433ʳᵈ JUDICIAL DISTRICT** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **AMERICA,** | § | |
| **Defendant.** | § | **COMAL COUNTY, TEXAS** |

---

### DEFENDANT GENERAL INSURANCE COMPANY OF AMERICA'S (incorrectly sued as Safeco Insurance Company of America) ORIGINAL ANSWER

---

Defendant General Insurance Company of America, *improperly sued as* Safeco Insurance Company of America, hereby files its Original Answer and would respectfully show the Court as follows:

### I.
### <u>GENERAL DENIAL</u>

Defendant denies generally the material allegations in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the evidence as required by law.

Defendant intends to comply with the terms and conditions of the policy sued on, and Defendant agrees to pay Plaintiffs those monies which Plaintiffs are legally entitled to recover as covered damages and as determined by the Court and jury. Defendant specifically does not agree to waive any right it has under the policy of insurance sued on herein and insists on its rights as contained in said policy, including the conditions and exclusions contained therein.

**II.**
**CONDITIONS PRECEDENT**

Defendant specifically denies that all conditions precedent to recover under the automobile insurance policy at issue have occurred.[1]  At the time Plaintiffs filed the instant action, Plaintiffs had not established the liability and/or underinsured status of the adverse driver.

**III.**
**LIMIT OF RECOVERY**

Texas Civil Practice and Remedies Code § 41.0105 applies and medical and health care damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law.  Specifically, recovery of medical or health care expenses incurred is limited to the amount actually paid for or incurred by or on behalf of Plaintiffs.

**IV.**
**LIMIT OF LIABILITY**

Defendant would assert that liability, if any, is limited to the applicable limits of the policy in question.  Defendant pleads as an affirmative defense pursuant to TEX. R. CIV. P. 94, the limitation of its liability as stated in the policy sued on.

**V.**
**JURY DEMAND**

Defendant requests a trial by jury in this matter.

**VI.**
**PRAYER**

WHEREFORE, Defendant prays for a take-nothing judgment, for all costs, and for all other just relief for which Defendant is entitled.

---

[1] *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Carrie D. Holloway
State Bar No. 24028270
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
cholloway@lstlaw.com

*Counsel for Defendant General Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Safeco Insurance Company of Indiana's Original Answer was served by facsimile and/or electronic service on the **2**nd day of **February 2017**, upon the following counsel of record:

Philip G. Bernal
KETTERMAN ROWLAND & WESLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

_____

David R. Stephens
Carrie D. Holloway

3

FILED
Susan Collier
C2017-0202D
3/10/2017 11:08:34 AM
Heather N. Kellar
Comal County
District Clerk

CAUSE NO. C2017-0202D

| | | |
|---|---|---|
| JACK AND CHRISTINA HENSERLING | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 433rd JUDICIAL DISTRICT |
| | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | COMAL COUNTY, TEXAS |
| AMERICA, et al. | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, JACK AND CHRISTINA HENSERLING, in the above-entitled and numbered cause, complaining of Defendants, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, and for cause of action would show the Court and Jury the following:

I.

Discovery will be conducted under Level 3, Rules 190.1 and 190.4, Texas Rules of Civil Procedure.

II.

Plaintiffs, JACK AND CHRISTINA HENSERLING, are individuals residing in Schertz, Texas, Comal County, Texas.

Defendant, SAFECO INSURANCE COMPANY OF AMERICA, is an insurance company licensed to conduct business in the State of Texas and including Comal County.  Service of process has been effectuated on this Defendant.

Defendant, GENERAL INSURANCE COMPANY OF AMERICA, is an insurance company licensed to conduct business in the State of Texas and including Comal County.  Counsel

for Defendant, David Stephens and Carrie Holloway of Lindow, Stephens, and Treat has agreed to accept service on behalf of this Defendant.

Venue is proper in Comal County, Texas as the contract for insurance in this case was consummated in this county.

III.

This suit arises out of a collision occurring on or about March 23, 2015, in Comal County, Texas.  Plaintiffs were operating their motor vehicle in a reasonable and prudent manner when they were struck by the at fault vehicle. The at-fault driver failed to yield the right of way and of oncoming traffic and merge with oncoming traffic causing Plaintiffs' injuries and damages as set out below.

IV.

The at-fault driver is liable for proximately causing the injuries and damages of Plaintiffs in that he:

1.   failed to keep such an outlook as a person of ordinary care would have kept;

2.   failed to turn Defendant's motor vehicle to the right to avoid the collision as a person using ordinary care would have done;

3.   failed to turn Defendant's motor vehicle to the left to avoid the collision as a person using ordinary care would have done;

4.   failed to sound the horn on Defendant's motor vehicle or give any other warning as a person using ordinary care would have done;

5.   failed to make timely or proper application of the brakes on Defendant's motor vehicle as a person using ordinary care would have made;

6.   drove at a rate of speed greater than a person using ordinary care would have driven; and

7.   failed to maintain an assured clear distance between Defendant's motor vehicle and Plaintiffs' motor vehicle so that, considering the speed of the motor vehicles, traffic, and the conditions of the highway, Defendant's motor vehicle could be safely

brought to a stop without colliding with or veering into Plaintiffs' motor vehicle, in violation of §545.062, Texas Transportation Code.

V.

Each of the foregoing acts or omissions, singularly or in combination, was the proximate cause of the injuries and damages of Plaintiffs described below.

VI.

Plaintiffs, as a proximate and producing result of the collision and the above acts or omissions of the at-fault driver, have sustained injuries to their bodies in general.

VII.

Plaintiffs, as a direct and proximate result of the collision and the above acts or omissions of the at-fault driver, incurred the following damages:

1.    reasonable and necessary medical expenses in the past;

2.    reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

3.    physical pain suffered in the past;

4.    physical pain which, in all reasonable probability, will be incurred in the future;

5.    mental anguish in the past;

6.    mental anguish which, in all reasonable probability, will be incurred in the future;

7.    physical impairment in the past; and

8.    physical impairment which, in all reasonable probability, will be incurred in the future.

VIII.

Moreover, the at-fault driver was, at all times material to this action, an "underinsured motorist", as that term is defined under the Texas Insurance Code and in the policy of insurance, the subject of this lawsuit, issued by Defendants to Plaintiffs.

IX.

The aforesaid policy, which was in full force and effect at all times material herein, provided protection to Plaintiffs for injuries, damages, and expenses resulting from the ownership, maintenance, or use of an underinsured motor vehicle.  Additionally, Plaintiffs have complied with all conditions precedent to recovering under Plaintiffs' underinsured motorist coverage and including timely and properly notifying Defendant of the collision and Plaintiffs' claim.

X.

Plaintiffs are entitled to payment from Defendant for injuries, damages, and expenses arising out of the aforementioned collision under the terms and conditions of the underinsured portion of said automobile insurance policy issued by Defendant.  Nonetheless, Defendant has failed, refused, still fails, and refuses to pay Plaintiff the benefits under this policy as it is contractually required to do.  Therefore, Defendant has breached the contract of insurance it had with Plaintiffs. Additionally, action is brought for those underlying damages contractually owed under the policy as well as for the statutory violations of Chapters 541 and 542, Texas Insurance Code, and for violations of the common law duty of good faith and fair dealing.

XI.

Plaintiffs have been forced to engage the services of the undersigned attorneys for the prosecution and collection of Plaintiffs' claim.  Therefore, pursuant to Chapter 542, Texas Insurance Code, Defendant is liable for the amount of Plaintiffs' claims, injuries, damages, 18 percent per annum of the amount of such claims as damages, and reasonable attorney fees as may be determined by the Jury which are amounts within the jurisdictional limits of this Court.

XII.

Plaintiffs, because of all of the above, have suffered and will suffer injuries and damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court.  Although it is Plaintiffs' desire and belief that the amount of damages in this case is best left to the discretion of the jury after all of the evidence is presented at trial, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  Further, Plaintiffs will not be in a position to determine how much damages they should seek from Defendant until pre-trial discovery is conducted, all evidence is introduced and hears what verdict the jury renders; however, as required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiff seeks monetary relief, the maximum of which is more than $75,000.00 but not greater than $1,000,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff reserves the right granted to them under the Texas Rules of Civil Procedure to increase or decrease the maximum amount of damages sought to conform to information obtained through discovery in this case, the evidence presented at trial, or the verdict of the jury.

Plaintiffs are entitled to pre-judgment interest and post-judgment interest at the maximum rate allowed by law.

XIII.

Under the Texas Rule of Civil Procedure 194, Defendants, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein;  that, on final hearing of this cause, Plaintiffs have judgment against Defendant for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court;  that Plaintiffs recover the amount of Plaintiff's claim, 18 percent per annum of the amount of such claim as damages, and reasonable attorney fees, under Chapters 541 and 542, Texas Insurance Code, as may be determined by the Jury which are amounts within the jurisdictional limits of this Court;   that Plaintiffs recover reasonable and necessary attorneys fees, from Defendant for the necessary services of Plaintiff's attorneys in the preparation and trial of this case and including any appeals to the Court of Appeals or the Supreme Court of Texas;  pre-judgment interest and post-judgment interest as provided by law;  court costs; and any other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Telefacsimile: (210) 490-8372

BY:    /S/Philip G. Bernal_____
        PHILIP G. BERNAL
        State Bar No. 02208758
        Email: Phil@krwlawyers.com

ATTORNEYS FOR PLAINTIFFS

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been has served

on all counsel of record as follows:

David Stephens                                          <u>**VIA ELECTRONIC SERVICE**</u>
Carrie Holloway
Lindow Stephens Treat
700 N. St. Mary's Street, Suite 1700
San Antonio, TX 78205

on this the 10th day of March, 2017.


_____/S/ Philip G. Bernal_____
PHILIP G. BERNAL

# Exhibit  B

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JACK AND CHRISTINA HENSERLING** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **AMERICA** | § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

<u>Party</u>                                                    <u>Attorney(s)</u>

Jack and Christina Henserling                   Philip G. Bernal
                                                              State Bar No. 02208758
                                                              KETTERMAN ROWLAND & WESLUND
                                                              16500 San Pedro, Suite 302
                                                              San Antonio, Texas 78232
                                                              Tel: 210-490-7402
                                                              Fax: 210-490-8372
                                                              phil@krwlawyers.com


General Insurance Company of America      David R. Stephens
                                                              Attorney in Charge
                                                              State Bar No. 19146100
                                                              Carrie D. Holloway
                                                              State Bar No. 24028270
                                                              LINDOW STEPHENS TREAT LLP
                                                              One Riverwalk Place
                                                              700 N. St. Mary's Street, Suite 1700
                                                              San Antonio, Texas 78205
                                                              Telephone: 210-227-2200
                                                              Facsimile: 210-227-4602
                                                              dstephens@lstlaw.com
                                                              cholloway@lstlaw.com